Warner, Chief Justice.
It appears from the record in this case that the bond of one Digby, who was indicted for murder, and his securities had been forfeited, that a scire facias was issued thereon against the securities and whilst the same was pending, and before judgment the General Assembly passed an Act relieving the securities from all liability on said bond on the payment of all costs. The defendants having pleaded the Act to the scire facias pending against them, the Court decided that the securities should be discharged from their -liability on said bond upon their paying to the Solicitor, General of the sum of $5 00 for his costs, and the Court costs due on the scire facias. Whereupon the Solicitor General excepted. In our judgment the Solicitor General was entitled to -the $5 00 allowed him by law for the proceeding by scire facias to enforce-the recognizance and no more, except such fees as are allowed him by law to be taxed as Court costs, and which the securities were bound to pay under the Act. The Solicitor General claims that he had a vested right in the bond to the amount of five per cent, of the sum due thereon, of which the General Assembly, by the passage of the Act in question, could not deprive him. This was a debt due to the State, and not a debt due tó the Solicitor General, either in his official capacity or otherwise, and being a debt due to the State, it was competent for the General Assembly to relieve the securities from the pay'ment of it on such terms as they might deem proper. There was *no judgment on the scire facias, and if there ■ - had been,.it is not perceived how that could have vested in the Solicitor General a right to receive five per cent, on the amount of that bond. • The law gives to him, as his fees for every amount collected on proceedings to enforce a recognizance, five per cent, as an officer of the State, and that is all.
Ret the judgment of the Court below be affirmed.